IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| XAVIER LAURENS and KHADIJA LAURENS, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>VOLVO CARS OF NORTH AMERICA, LLC, a Delaware Limited Liability Corporation and VOLVO CAR USA, LLC, a Delaware Limited Liability Corporation,<br><br>        Defendants. | Case No. 16 C 4507<br><br>Judge Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

### I. STATEMENT

According to the Plaintiffs' Amended Complaint, the Defendant, Volvo Car USA, LLC ("VCUSA"), is an authorized importer and distributor of Volvo vehicles in the United States. The Defendant, Volvo Cars of North America, LLC ("VCNA"), provides marketing, sales, distribution, parts service, and training support for Volvo cars sold in the United States.

In February 2015, Plaintiff, Xavier Laurens ("Xavier"), placed an order for a 2016 Volvo XC90 T8 (the "T8") with the Howard Orloff Volvo dealership in Chicago, Illinois. The T8 was a twin engine plug-in hybrid sport utility vehicle which was

capable of running solely on electricity. He paid a $1,000 deposit at that time. Plaintiffs took delivery on January 10, 2016, at which time they paid the balance due on the $83,475 purchase price. The T8 was titled in the name of Khadija Laurens ("Khadija"), Xavier's wife.

According to advertisements and press releases issued by Defendants, which Plaintiffs had read, the Volvo was said to be capable of being driven "around 40 kilometres" on a full electric charge, which translates to range of approximately 25 miles solely on electricity. This was an important consideration in Plaintiffs' purchasing decision. However, after the Plaintiffs took possession of the T8 and began to drive it, they discovered that they were only able drive the car for 8 to 10 miles on a full electric charge. Xavier took the T8 back to Howard Orloff who pointed out that the window sticker on the car promised 13 miles on a full charge and not 25 miles. Howard Orloff tested the car and was able to obtain 14 to 18 miles on a full charge, but only by driving no more than 40 mph and without heat and safety features. Plaintiffs contend that they would not have paid a premium of $20,000 (the difference between the cost of the T8 and the cost of the fully gas powered model) had they known of the short electric driving distance. Plaintiffs allege that VCUSA refuses to refund the price difference to them. Instead on June 8, 2016, prior to Khadija

being added as an additional plaintiff by the Amended Complaint (Xavier had originally filed suit against Defendants only in his name as plaintiff), VCUSA made what it described as "a voluntary customer accommodation" which consisted of offering a full refund of the purchase price upon the return of the T8. The offer was unconditional and did not require the dismissal of the case against it, nor to sign a release, or perform any act other than to return the vehicle (which VCUSA offered to do). The Plaintiffs rejected this offer.

## II. THE LITIGATION

Plaintiffs' Amended Complaint sets forth four counts: Count I, Violation of the Illinois Consumer Fraud Act; Count II, Common Law Fraud; Count III, Breach of Express Warranty; and Count IV, Unjust Enrichment (as an alternative to Count III). They also seek to represent a national class of buyers of the T8 on Counts II, III, and IV, and a "multi-state class" on Count I. Defendants have moved to dismiss the Complaint under Rule 12(b)(1) for lack of jurisdiction due to lack of standing to pursue their claims, and pursuant to Rule 12(b)(6) for failure to state a claim upon which relief could be granted.

Because the Court finds that neither Plaintiff has standing to bring this suit, the Court does not get to the question posed by Rule 12(b)(6). The basis for Defendants' Rule 12(b)(1) Motion is Defendants' contention that the unconditional pre-suit

offer of a complete refund of the purchase price moots the case and therefore prevents the Court from exercising jurisdiction because there is no harm or injury to be redressed.

### III. **DISCUSSION**

To have constitutional standing, a plaintiff must demonstrate (1) an injury in fact, (2) a causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). The Defendants correctly rely on *Holstein v. City of Chicago,* 29 F.3d 1145, 1147 (7th Cir. 1994) in support of their Rule 12(b)(1) motion. In *Holstein,* a co-plaintiff, Grove, had his legally parked car towed while attending a Chicago White Sox baseball game. Grove joined the suit as a co-plaintiff and as a putative class representative. After joining the suit, but prior to a determination of the issues of class representation, the City acknowledged that plaintiff was correct in his position and took steps to refund his money. The trial court granted the motion to dismiss on the grounds of mootness. The Seventh Circuit affirmed stating that "Grove may not spurn this offer of all the damages he is owed and proceed to trial." *See also, Alliance to End Repression v. City of Chicago,* 820 F.2d 873, 878 (7th Cir. 1987) and *Rand v. Monsanto Co.,* 926 F.2d 596, 598 (7th Cir. 1991) ("Once the defendant offers to satisfy the

plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under FED. R. CIV. P. 12(b)(1), because he has no remaining stake."

Here, Plaintiffs contend that what Defendants offered amounts to a rescission which they specifically do not request in their Amended Complaint. Instead they ask for the difference between the cost of the T8 and the non-hybrid Volvo, which is $20,000. However, the acceptance of a full refund would allow Plaintiffs to purchase the non-hybrid and have the $20,000 difference left which amounts to distinction without a difference. In fact, as Defendants further point out, in the original Complaint brought by Xavier only, he did ask for rescission. For some reason, after it was pointed out in a previous motion that the actual purchaser of the T8 was Khadija and not Xavier, the Plaintiffs amended the Complaint adding Khadija as additional plaintiff and deleting the request for rescission and instead requested payment of the $20,000 difference. However, just because VCUSA offered what Plaintiffs were requesting in a slightly different form, does not eliminate the mootness of their claim.

The rule of mootness is different after a class has been certified and a plaintiff has been appointed class representative. Refusal of an offer of complete relief does not

moot the case.  This prevents a defendant, during the course of the proceedings, buying off a representative who is actively representing the class.  *Deposit Guaranty National Bank v. Roper,* 445 U.S. 326 (1980).  Here no such concerns are present.  Khadija was not even a party to the suit at the time the unconditional offer was made to her.  Xavier, the sole Plaintiff at the time, had not been certified as a class representative, nor had any such motion even been filed.  In fact, he did not even hold title to the T8.  As stated in the *Alliance to End Repression,* "[D]efendants, like the courts, have an interest in peace; once there is no more dispute, there is no case.  Both the parties and the court may save the costs of litigation."  *Alliance,* 820 F.3d 878.

Plaintiffs also argue that they are requesting an injunction to restrain Defendants from continuing to issue false, misleading information regarding the T8.  However, the Plaintiffs are certainly not in danger of once again being duped by Volvo.  There is no need for an injunction to protect them.  As the Seventh Circuit held in *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732 (7th Cir. 2014), where a request for an injunction is based solely on conjecture that because a defendant harmed a person in the past that it is likely to harm that person in the future, injunctive relief is not appropriate.

Finally, Plaintiffs point out that they are claiming punitive damages which they contend is not moot because Defendants have not offered to pay them punitive damages. However, under Illinois law punitive damages can only be awarded when there is an award of compensatory damages. *McGrew v. Heinold Commodities, Inc.,* 497 N.E. 2d 424, 428 (1st Dist. 2nd Div. 1986). Here because Plaintiffs have received all of the compensation to which they are entitled, they cannot prove entitlement to any actual damages from the Court.

The Plaintiff, Xavier, seems to make an argument that he is real party in interest as he apparently paid all of the cost of the T8. However, the T8 is titled in Khadija's name. An argument that he has an equitable interest in the T8 would not change the result here. Xavier was obviously aware of the refund offer made to his wife who was the title holder, and he could have alerted the Defendants of his interest in the T8.

## IV. <u>CONCLUSION</u>

Since the Plaintiffs' claims are moot, the Court grants the Motion to Dismiss pursuant to Rule 12(b)(1).

**IT IS SO ORDERED.**

                          Harry D. Leinenweber, Judge
                          United States District Court

Dated: October 13, 2016